IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BILLY SHAFFER,

        Plaintiff,

v.                                    CIVIL ACTION NO.  2:13-cv-12450

CITY OF SOUTH CHARLESTON, et al.,

        Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Pending are three motions to dismiss the amended Complaint. The first was filed by Defendant Jennifer Meadows [ECF 4], the second by Defendants The Dow Chemical Company, Mary Byrd, Jim Jones, II, Jeff Means, and Cliff Samples ("the Dow Defendants") [ECF 8], and the third by Defendants City of South Charleston, Pat C. Rader, and Robert Yeager ("the City Defendants") [ECF 16]. For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** the motions to dismiss.

*I.    BACKGROUND*

This case arises from the issuance and execution of a state search warrant authorizing the search of Plaintiff's residence for evidence of stolen property belonging to Defendant The Dow Chemical Company, the parent company of Plaintiff's former employer, Union Carbide Corporation. Defendant Pat C. Rader, a detective with the South Charleston Police Department, was the affiant on the search warrant. (ECF 1–5 at 16.) The search warrant was authorized by a Kanawha County, West Virginia magistrate judge. (*Id*.) Following the August 17, 2009, execution of the search warrant and the seizure of a large collection of tools and equipment from

Plaintiff's residence, a grand jury convening in Kanawha County Circuit Court returned a two-count indictment against Plaintiff on July 29, 2010, charging him with embezzlement and larceny in violation of West Virginia state law. (ECF 1–5 at 23; ECF 1–7 at 1–2.) The circuit court later granted Plaintiff's motion to dismiss on the grounds that the search warrant was defective. (ECF 1–6 at 2–8.) The assistant prosecuting attorney on the case, Defendant Jennifer Meadows, conceded that the search warrant was defective and agreed that evidence found within Plaintiff's residence should be suppressed. Defendant Meadows contended, however, that evidence found in Plaintiff's yard was admissible pursuant to the plain view doctrine under the Fourth Amendment of the United States Constitution. By order dated March 15, 2012, and for reasons that are not apparent in the record, the court rejected Defendant Meadows' plain view argument, suppressed all evidence, and dismissed the case with prejudice. (ECF 1–7 at 18.) The property seized pursuant to the search warrant was apparently never returned to Plaintiff, an issue that is central to this pending federal lawsuit.

Prior to dismissal of the criminal case, Plaintiff filed a civil lawsuit in Kanawha County circuit court on August 16, 2011. (ECF 1–7 at 21.) Plaintiff named only the City Defendants as the defendants in the original complaint. The complaint alleged three intentional tort claims: conversion, trespass, and the tort of outrage. (*Id*.) The theory of liability was that the City Defendants caused an illegal search warrant to be issued and thereafter unlawfully seized, confiscated, damaged, and failed to return Plaintiff's personal property. In the complaint, Plaintiff sought return of the property seized pursuant to the search warrant, along with punitive damages, fees, and costs.

On March 26, 2013, the state court held a hearing on Plaintiff's motion for leave to amend his complaint and on the defendants' motion to dismiss. (ECF 27.) The defendants argued that because Plaintiff did not allege a claim of negligence, the City of South Charleston was immune from liability under West Virginia Code Section 29–12A–1, *et seq.* of the West Virginia Governmental Tort Claims and Insurance Reform Act. Plaintiff's motion for leave to amend his complaint stated that "the Court and current counsel for the defendant [sic] are amenable to the addition of Dow Chemical and the Prosecutor connected with the matter, namely, Jennifer Meadows[,] as well as an amendment to include the claims of negligence." (ECF 1–8.)

During the motions hearing, the defendants argued that the City of South Charleston could only be liable for the negligent conduct of its employees and because Plaintiff's complaint asserted only intentional torts and not a claim of negligence, the defendants were immune from liability under state law.[1] (ECF 27 at 9.) .In support of his motion to amend, counsel for the plaintiff, Mr. Shaffer, argued that he sought to add a negligence claim as an alternate theory to the existing intentional tort claims. (*Id.* at 13–14.) In response to the state court judge's question whether the defendants had "any objection to bringing Dow and the prosecutor" in as defendants in the case, defense counsel advised she had no objection. (*Id.* at 17.) The judge then granted plaintiff's motion to amend. Counsel for plaintiff stated that he would add these new defendants and would "also amend my complaint on the negligence issue at the same time." (*Id.*) Defendant Meadows nor the Dow Defendants were parties to that action, nor were they present at this hearing.

---

[1] West Virginia Code Section 29-12A-4(c)(2) generally provides that with certain exceptions political subdivisions are liable for loss to property caused by the negligent performance of acts by their by their employees while acting in the scope of their employment.

3

The state court's March 26, 2013, written order granting the plaintiff leave to amend his complaint stated: "After hearing oral argument by both parties, the Court hereby ORDERS that Plaintiff is granted leave to amend the complaint to assert a claim for negligence and to add additional party defendants." (ECF 1–8.)

On April 4, 2013, Plaintiff filed his amended Complaint ("the amended Complaint"). (ECF 1–8 at 28–33.) In addition to the three original defendants—that is, the City of South Charleston and officers Rader and Yeager—Plaintiff added Defendant Meadows and the Dow Defendants. The amended Complaint re-stated the original three intentional torts (Count I, conversion: Count II, trespass; and Count III, tort of outrage). Contrary to the state court's order, however, plaintiff did not add a negligence count. Rather plaintiff added a wrongful termination discharge (Count IV) and a civil rights claim under "42 U.S.C. § 1983 *et seq.*" against unspecified "Defendants" acting "individually or collectively" (Count V). (ECF 1–2 at 2–7.)

On May 28, 2013, Defendants timely removed this case from state court invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2] (ECF 1.) Thereafter, Defendants filed their respective pending motions to dismiss (ECF 4, 8, 15), Plaintiff has filed his responses in opposition to the motions (ECF 12, 13, 26), and two replies followed (ECF 14, 32). This matter is now ripe for review.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to

---

[2] Defendant Jennifer Meadows was the last served Defendant. She was served on May 15, 2013, making the May 28, 2013, notice of removal timely under 28 U.S.C. § 1446(b)(2)(C).

4

dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

A district court applies the federal pleading standard to all removed claims, including claims brought under state law. *See* Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions removed from state court); *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 938−39 (8th Cir. 2012) (observing that "[b]y including federal claims in his state-court complaint, [Plaintiff] subjected himself to the possibility that the defendants would remove the case to federal court, where his complaint would be governed by the current federal

pleading standard") (internal quotations and citation omitted); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.") (Internal quotations and citation omitted.).

### III. DISCUSSION

None of Defendants raises the issue of whether Plaintiff's amended Complaint violates the state court's order granting leave to amend the original complaint. Because this issue implicates the Court's subject matter jurisdiction, the Court raises the issue *sua sponte*.

In the context of removal, once the case is in federal court, the state court orders issued prior to removal are not conclusive but remain binding until they are set aside. See 28 U.S.C. § 1450 (providing that all "orders and other proceedings had in such [state court] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court"); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 436 (1974) ("The 'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court."). As the Supreme Court explained in *Granny Goose Foods*, by providing that the state court proceedings are effective in federal court, judicial economy is promoted, and the parties' rights are protected. *See* 415 U.S. at 435–36. Federal courts, however, have "the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' " *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

Prior to removal of this case, the state court granted Plaintiff leave to amend his complaint in two specific respects. First, the court permitted Plaintiff to add Defendant Meadows and the Dow Defendants as defendants. Second, the court permitted Mr. Shaffer to allege a claim of negligence. While Plaintiff's amended Complaint complies with the first condition of the state court's order, it did not comply with the second condition. Not only does the amended Complaint fail to assert a negligence count, it purports to add two new counts that were not authorized by the state court order, namely, a wrongful termination count and a threadbare "civil rights" count against unspecified "Defendants, either individually or collectively" pursuant to 42 U.S.C. § 1983 *et seq." (*ECF 1–2 at 6.)

The factual section of the original complaint is nearly identical with the amended Complaint. The factual section of the amended Complaint adds that the City Defendants "were individually and collectively negligent in this actions [sic] due to the reckless disregard for the manner in which the Search Warrant was executed and the taking of the plaintiff's property."[3] (ECF 1–2 at 3.) The amended Complaint also adds that the Dow Defendants were "negligent in their individual and collective actions related to their conduct in either directing what property of the plaintiff was seized under the subject search warrant or causing said search warrant to be issued without sufficient information or authority to do so . . . ." (*Id.*, at 4.) Plaintiff makes one threadbare assertion against Defendant Meadows: "The Defendant, Jennifer Meadows, of the Kanawha County Prosecutor's office, was negligent in her duties when she did not take possession and protect the plaintiff's property during the underlying criminal case." (ECF 1–2 at 4.)

Notwithstanding the insertion of the word "negligent' in the prefatory paragraphs preceding the stated causes of action, the fact remains that none of the five counts asserts a

---

[3] This confounding assertion essentially states that the City Defendants were negligent by acting recklessly.

negligence claim—the only claim expressly authorized by the state court to be added to the original complaint. It appears from Plaintiff's argument in his response to Defendant Meadows' motion to dismiss that his theory of liability against Defendant Meadows is that she negligently violated his civil rights. *See* ECF 12 at 5. Such theory is not, however, plainly articulated on the face of his amended Complaint.[4] And, importantly, Plaintiff's state court motion to amend his original complaint, his argument at the hearing on that motion, and the written state court order authorizing the amendment to the complaint all show that he only intended to add a common law negligence claim to the amended Complaint. There is no indication whatsoever in any of these sources that Plaintiff contemplated, sought leave, or was authorized by the state court judge to add a federal civil rights claim (or, for that matter, a wrongful discharge claim).

Thus, for these reasons the civil rights claim—which is the sole jurisdictional basis for the removal of this case from state court—was improperly asserted and must be stricken from the amended Complaint. Further, no claim against Defendant Meadows has been plausibly shown because the sole factual allegation against Defendant Meadows is that she had some purported duty to "take possession and protect" Plaintiff's property and that she negligently failed to perform such alleged duty. There is no negligence count alleged. The first three remaining counts do not implicate Defendant Meadows because they are intentional tort claims. Similarly, the wrongful termination claim is factually unrelated to Defendant Meadows and does not plausibly implicate her. With no counts stating claims against Defendant Meadows, she is **DISMISSED** from this case.

---

[4] In light of the Court's ruling that the amended Complaint violates the March 26, 2013, state court order granting leave to amend the Complaint, the Court need not examine the question whether Plaintiff's amended Complaint meets federal pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Having found, however, that Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983, the Court must now determine whether to exercise or decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Id.*, 58 F.3d at 110. The Court may decline to exercise supplemental jurisdiction over a claim for reasons listed in 28 U.S.C. § 1367(c). *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc*., 554 F.3d 595, 601–02 (5th Cir. 2009); *see also Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010) (applying section 1367(c) factors in a review of a district court's decision to exercise jurisdiction in a removed action). Section 1367(c) provides that the district court may decline to exercise supplemental jurisdiction if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Other "factors that inform this discretionary determination are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110; *Arrington,* 369 F. App'x at 423–24.

The Court declines to exercise supplemental jurisdiction over the state claims. The only basis for removal of the case was the civil rights claim, which is now dismissed. Also, the Court has been asked by the Dow Defendants, as had Defendant Meadows, to examine the question whether the applicable two-year statute of limitations bars this suit against them. That question

would require an examination of whether the state court's order granting leave to file the amended complaint was a proper exercise of West Virginia Rule of Civil Procedure 15(c)(3). Rule 15(c)(3)—like its federal counterpart, Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure— addresses when an amended pleading "relates back" to the date of a timely filed original pleading and whether the additional claim or party may be deemed timely even though added outside an applicable statute of limitations. Under West Virginia law

> [w]here a plaintiff seeks to change a party defendant by a motion to amend a complaint under Rule 15(c) of the West Virginia Rules of Civil Procedure, the amendment will relate back to the filing of the original complaint only if the proposed new party defendant, prior to the running of the statute of limitations, received such notice of the institution of the original action that he will not be prejudiced in maintaining his defense on the merits and that he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Brooks v. Isinghood*, Syl. Pt. 8, 584 S.E.2d 531, 541–47 (W. Va. 2003) (citing *Maxwell v. Eastern Associated Coal Corp., Inc.*, 394 S.E.2d 54 (1990)).

There is no indication in the transcript of the motion hearing that the state court considered any of these issues or that Defendant Meadows or the Dow Defendants had an opportunity to intervene in the case or otherwise object to the motion. Rather than review the state court's order, the Court is persuaded that comity interests dictate that the case be remanded for resolution by the state court of these significant issues. Also, Defendant Meadows and the Dow Defendants are now well-positioned to weigh in on the issue whether the amended Complaint should be permitted to be amended yet again in light of their statute of limitations arguments. Further, although remand may result in some inconvenience to the parties, the interest in permitting the state court to revisit its March 26, 2013, order outweighs any inconvenience.

## IV. CONCLUSION

For the reasons set forth above, the Court **STRIKES** Count V alleging a civil rights claim in violation of 42 U.S.C. § 1983, **DENIES WITHOUT PREJUDICE** Defendants' respective motions to dismiss [ECF 4, 8, 16], **DISMISSES** Defendant Jennifer Meadow from this case, **DECLINES** to exercise supplemental jurisdiction over the remaining state claims, **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia, **DIRECTS** the Clerk to mail a certified copy of this Memorandum Opinion and Order to the Kanawha County Circuit Court Clerk, and **DIRECTS** the Clerk of this Court to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 21, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE